' PROVOSTY, J.
The property involved in this suit is the same that was involved in the suit of Railroad Company v. Tibbs, 112 La. 51, 36 South. 223, except that a part has been expropriated and is now represented by $40,-000 in cash in the hands of the clerk of court.
In 1856, for aiding in the construction of a railroad from the Texas line to the Mississippi river, through the towns of Greenwood, Shreveport, and Monroe, Congress granted to the state certain lands along the line of the railroad. The Secretary of the Interior certified to the state a list of these lands, and, by-act of March 11th, the state accepted same, and granted same to the Vicksburg, Shreveport & Texas Railroad Company, the author of plaintiff’s title. Among these lands was the land in controversy. Long afterwards, in 1SS8, the Governor of the state, executed and filed in the General Land Office a deed reeonveying the land in controversy to the United States, and at the same time claimed same under the swamp and overflowed land grants of 1849 and 1850. The claim was contested by the railroad company, and was rejected; the Land Department ruling that, having accepted the land under the railroad grant, the state could not claim it as swamp —a ruling in line with the decision of the Supreme Court of the United States in the case of Rogers Locomotive Works v. American Emigrant Company, 164 U. S. 559, 17 Sup. Ct. 188, 41 L. Ed. 552. The state then brought suit to recover back all the lands granted to the railroad company, on the ground that the company had not earned them, having failed to fulfill the conditions of the grant. The case (State v. Railroad Co.) is reported at page 981 of 44 La. Ann., page 865 of 11 South. The suit was dismissed ; the court holding that the grant had been made by Congress and not by the state; that in accepting the lands from Congress, and transmitting them to the railroad company, the state had acted merely as an agent, or instrumentality, of Congress; that Congress had been the real donor; and that non constat that Congress was not satisfied with the manner in which the company had fulfilled the conditions of the grant.
Notwithstanding these repulses, the state, in 1892, proceeded to deal with the property as hers, and issued a patent to the city of Shreveport, and it is on that patent the city of Shreveport relies in this suit. The plaintiff holds the title of the railroad company.
The learned counsel for the city of Shreveport does not undertake to differentiate this case from that of Rogers Locomotive Works, but merely contends, on the authority of State v. Railroad Company, supra, that the state, in accepting the lands under the railroad grant of 1856, and in granting them, in her turn, to the railroad company, was not acting in her own name, or for herself, but merely as an agent, and that, inasmuch as her principal had no title, she did not, by her acts as agent, convey any.
We cannot accept that view. This land was included specifically in the railroad grant, and, even though acting as a mere agent, yet, the state must be held. to have expressly consented to this grant and thereby ratified and confirmed it. It has often been held that the states may ratify and confirm subsequent grants by the federal government of lanffs that had passed to them under the acts of 1849 and 1850. Am. & Eng. Ency. vol. 26, p. 350.
The title of the railroad company, which plaintiff holds, has been recognized in the *143 two cases of State v. Railroad, and Railroad v. Tibbs, supra, and several other decisions of this court, and is apparently good.
Judgment affirmed.
LAND, J., recused.